IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00038-CR

 

Daren Laterre Jones,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 371st District Court

Tarrant County, Texas

Trial Court No. 0852004D

 



SPECIAL NOTE










 

Chief Justice Gray provides this Special Note to
clarify his participation in this case.  

I have not had an adequate amount of time to
consider and vote on this case.  I thought Justice Reyna and I had an agreement
to delay the issuance of this case until after the Court had decided what to do
with another case.  This case has an issue in it that is the same issue as
another case that we have pending on rehearing.  In the case pending on
rehearing I have been working on a comprehensive analysis of the issue.  I had
advised Justice Reyna of that forthcoming analysis in an opinion on rehearing. 
The draft opinion on rehearing was submitted to Justice Reyna, and he has
forwarded it and his comments to Justice Vance.  It has not been returned to me
from Justice Vance.  When Justice Reyna indicated that he intended to issue
this opinion, I reminded him of the agreement I thought that we had regarding
delaying the issue date until the opinion on rehearing was decided.  His
response was that he had reviewed the draft opinion on rehearing and it will not
affect the decision on this case.  I understand that is his opinion, but I
respectfully disagree with his conclusion.  

Regardless of what we do in this case, the
research and analysis on the same issue performed by one chamber can be
impacted by the research and analysis done by another chamber, or at least it
should, if nothing other than requiring consistency between the two.  Justice
Reyna has arrived at his conclusion regarding both cases but currently is the
only justice who has done so.  Because I thought I had an agreement to delay
the issuance of this opinion, I set it aside until the opinion on rehearing was
concluded and a decision on it had been reached.  After I reminded Justice
Reyna of our agreement, I was told that the opinion would issue two days from
now, on February 8, 2006.  That is all well and good for Justice Reyna, but not
for me.  

I have just concluded two extensive dissenting
opinions.  One is in an accelerated appeal and the other is in a much older
criminal case, both of which are being issued on the same date as this case.  Roberts
v. Roberts, No. 10-05-00134-CV, 2006 Tex. App. LEXIS ____ (Tex. App.—Waco Feb. 8, 2006, no pet. h.) (Chief Justice Gray concurring and dissenting); Tingler
v. State, No. 10-04-00224-CR, 2006 Tex. App. LEXIS ____ (Tex. App.—Waco Feb. 8, 2006, no pet. h.) (Chief Justice Gray dissenting).  Currently, I am deeply
involved in reviewing the draft opinion and working on an analysis of an appeal
of a termination of parental rights case, also an accelerated appeal.  That
analysis has required that I read the entire record.  I have also been asked to
review an opinion on Petition for Discretionary review with a deadline that
cannot be moved.  See Tex. R.
App. P. 50.  All these cases have a higher priority than this one.  And
in this one, the majority is affirming a criminal conviction.  I could
understand the urgency a little better if it was a reversal.  It is not.  

So in this case, as well as other cases that
Justices Reyna and Vance choose to issue without giving me adequate time to
conduct my analysis, I will continue with the application of what I believe to
be the priorities assigned by the legislature and the applicable rules.  I do
not think that the internal administrative rules adopted by Justices Reyna and
Vance can override those priorities set by the legislature and the high courts
of this State.  It appears the desired result of the internal administrative
rules is to keep me from conducting the analysis that I believe is necessary, including
depriving me of the time necessary to prepare a dissenting or concurring
opinion when I believe it is appropriate.  To some extent it has already had
that effect because they have chosen to issue opinions on the vote of only two
justices, and it has hastened or truncated my opinions in others.  I might
could better understand, indeed justify, a procedure calling for some deadline
by which an opinion must move on in the circulation process if we had not had a
clearance rate of 112% and an average time for a case to be pending in this Court
of only just over 12 months at the time the internal rules were adopted in May
of 2005.  And we have continued to be one of the highest producers for the
disposition of cases of the 14 intermediate appellate courts in Texas.  

So, I must ask, as should you:  Why rush any
case out the door without letting every judge have the time needed for their
own review and analysis?  This is especially ironic when you factor into the
mix that I have a dozen or so draft opinions prepared that Justice Reyna now refuses
to review under the procedures that have been in place in this Court for the
past two years.  Likewise, Justice Vance refuses to review them.  

          Thus, because I have not had an
adequate amount of time to review the merits of this case, I am not prepared to
cast a vote concurring or dissenting in the judgment of the other two justices. 
See Tex. Genco, LP v. Valence Operating Co., No,
10-04-00365-CV, 2006 Tex. App. LEXIS 448, *16-18 (Tex. App.—Waco, Jan. 18 2006,
no pet. h.) (Special Note by Chief Justice Gray issued Jan. 25, 2006);
Krumnow v. Krumnow, 174 S.W.3d 820, 830-842 (Tex. App.—Waco Aug. 24, 2005, pet.
filed) (Special Note by Chief Justice Gray issued Aug. 31, 2005).

 

                                                          TOM GRAY

                                                          Chief
Justice

 

Special
Note delivered and filed on February 8, 2006

Publish